UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
STOREY CONSTRUCTION CO., INC.,

           Plaintiff,                    ___ Civ. ___ (   )

    -against-                    **COMPLAINT**

M&I MARBLE WORKS LTD., d/b/a
MARBLE SOLUTIONS,

           Defendant.
-------------------------------------------------------X

08 CV 00976

*(Filed stamp: JAN 30 2008, U.S.D.C. S.D. N.Y.)*

    STOREY CONSTRUCTION CO., INC. ("SCI"), by its attorneys, McDonough Marcus Cohn Tretter Heller & Kanca, LLP, hereby states:

### PARTIES

1.    SCI is an Idaho corporation engaged in the business of general contracting.

2.    Defendant M&I Marble Works Ltd. ("M&I") is a domestic corporation doing business as Marble Solutions, with its principal place of business in New York, New York.

### JURISDICTION and VENUE

3.    The amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

4.    Plaintiff SCI is a corporation organized under the laws of Idaho, with its principal place of business in Ketchum, Idaho. It is not a resident of New York. Defendant M&I Marble Works Ltd. is a domestic New York Corporation.

5.    The parties to this proceeding are diverse as defined by 28 U.S.C. §1332. This Court thus has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a). Venue is proper in this Court pursuant to 28 U.S.C. §1391(a).

## **FIRST CLAIM**

6. SCI and M&I entered into an agreement in Idaho for the sale of goods, whereby SCI agreed to buy and M&I agreed to sell for agreed prices fixed quantities of Jerusalem Stone in various agreed-upon sizes. SCI and M&I, after extended negotiations, also agreed on the required appearance of the stone and delivery dates.

7. M&I was made aware that the stone was intended for use in a custom residence in Idaho and that a delay in delivery of the stone would cause a delay in the construction process which would cause financial loss. Because it would not extend any credit, M&I was paid in full at the time the Jerusalem Stone was ordered.

8. M&I breached the agreement with SCI, by *inter alia*, delivering the stone late, delivering stone that did not conform to the agreed appearance, and delivering stone that was not the proper size.

9. Immediately after M&I's tender of the non-conforming goods, SCI rejected the stone and provided M&I with a written notice of rejection. SCI tendered the stone back to M&I and M&I refused this tender.

10. SCI has been damaged by M&I's breach of agreement in an amount to be proven at trial, but that exceeds the jurisdictional limits of this Court. SCI is using commercially reasonable means in its attempt to dispose of the non-conforming stone, the proceeds of which efforts will be credited to M&I.

11. Pursuant to Idaho statute, IRCP 12-121, SCI is entitled to an award of attorney's fees and costs.

**WHEREFORE**, SCI demands judgment against defendant as follows:

1) Damages to be awarded against M&I in an amount to be proven at trial;

2) An award of SCI's attorneys' fees and costs incurred herein; and

3) Such other and further relief as this Court deems just.

### JURY DEMAND

Plaintiff hereby requests a trial by jury composed of the maximum number of jurors allowable by law.

Dated: Westchester, New York
       January 30, 2008

Respectfully Submitted,

McDonough Marcus Cohn Tretter
Heller & Kanca, LLP

By: _____
    Diane K. Kanca (DK7196)

Attorneys for Plaintiff
Storey Construction Co. Inc.
145 Huguenot Street
New Rochelle, New York  10801
(914) 632-4700
Fax (914) 632-3329
DianeKanca@aol.com
DKKanca@MMCTHK.COM

To: M&I Marble Works, Ltd.
    735 11th Avenue
    New York, New York  10019