UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STOREY CONSTRUCTION CO., INC.

              Plaintiff,                             08 Civ. 976 (GBD)

    vs.

                                               Notice of Motion

M&I MARBLE WORKS LTD., d/b/a
MARBLE SOLUTIONS,

              Defendant.
------------------------------------------------------------X

S I R S:

       Please take notice that, upon the annexed affidavit of Israel Cohen, sworn to March 14, 2008, and upon all the prior pleading and proceedings had heretofore herein, the undersigned will move this Court before the Honorable Judge George B. Daniels, at the Courthouse located at 500 Pearl Street, New York, NY on April 2, 2008 (for calendar purposes only) at 9:30 am of that day or as soon thereafter as counsel may be heard for an order under Rule 12(b) of the Federal Rules of Civil Procedure dismissing this action on the ground that, among other things, there is no subject matter jurisdiction.

Dated: March 14, 2008

                                                                   Solomon and Siris, PC
                                                                    By: _____
                                                                    Michael J. Siris (MS1715)
                                                                    Attorneys for Plaintiff
                                                                    50 Charles Lindbergh Boulevard
                                                                    Uniondale, NY 11553
                                                                    516 228 9350

To: McDonough, Marcus, Cohn,
    Tretter, Heller & Kanca, LLP
    Attorneys for Plaintiff
    145 Huguenot Street
    New Rochelle, NY 10801
    914 632 4700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STOREY CONSTRUCTION CO., INC.

                Plaintiff,                                  08 Civ. 976 (GBD)

    vs.

M&I MARBLE WORKS LTD., d/b/a                       Affidavit
MARBLE SOLUTIONS,

                Defendant.
------------------------------------------------------------X
State of New York
                ss:
County of New York

        Israel Cohen, being duly sworn, deposes and says:

        1.      I am the president of the defendant M and I Marble Works, Ltd. ("defendant"). Together with counsel's accompanying memorandum of law, I submit this affidavit in support of defendant's motion to dismiss the complaint of the plaintiff Storey Construction Co., Inc. ("plaintiff") on the following grounds: i)

        2.      According to its complaint, in this action plaintiff seeks damages for the breach of an agreement for the sale of goods "whereby [plaintiff[1]] agreed to buy and [defendant] agreed to sell for agreed prices fixed quantities of Jerusalem Stone ["the stone"] in various agreed upon sizes…" A copy of plaintiff's complaint is annexed hereto as Exhibit A. As cannot be disputed by the plaintiff, the real[2] persons behind plaintiff's lawsuit are an Idaho attorney known as "Miles Stanislaw"[3] and his wife "Jean Stanislaw" ("the Stanislaws") who apparently retained plaintiff to function as their

---

[1] As is explained herein, defendant does not accept that plaintiff (as opposed to the Stanislaws) "agreed" to purchase the tiles in question. However, even if that issue—who made the agreement—is in dispute, it is defendant's position that this suit must be dismissed because plaintiff cannot prove damages in excess of the $75,000 jurisdictional threshold required for diversity cases such as this one.
[2] As noted in the accompanying Memorandum, whether "the real party in interest"—that is, the real party to the contract with the defendant—is the plaintiff or the Stanislaws is of no consequence if the $75,000 jurisdictional threshold cannot be met, as defendant maintains is the case.
[3] "Miles Stanislaw" is also known as "Richard Stanislaw".

general contractor in connection with the construction of their (second) home in Idaho. I will explain now how I came to meet the Stanislaws.

3. My wife (Zipporah) and I own and operate a showroom for the defendant in Manhattan where we feature tiles and other types of stone we sell to wholesalers and retailers. We first had contact with the Stanislaws on or about July 12, 2005 when they came into our showroom and told us she wished to purchase stone for a (second) home they were building in Ketchum, Idaho, they looked at various samples but made no decision at that time. (Apparently, their primary residence was and is in Ketchum, Idaho.) At that time, the Stanislaws did purchase two (2) sinks for such second home and such sinks were delivered to Idaho approximately one year later, with the Stanislaws paying for the cost of freight. Costing $2400.00, these checks were paid by a July 20, 2005 check for that amount to defendant from "R. Miles Stanislaw, Construction Account…." to defendant. A copy of said check is annexed hereto as Exhibit B.

4. In the summer of 2006, the Stanislaws returned to defendant's Manhattan showroom, again indicating they wished to purchase some stone for their house under construction in Idaho as aforesaid. They left New York City and returned one more time. During this interval, there was much back and forth regarding price, type of stone and delivery. We explained that the type of stone ("Jerusalem") they wanted would have to be manufactured overseas and shipped from there (and that they—the Stanislaws—would have to be responsible for payment for transportation and arrangement of the shipping).

5. In any case, on or about October 23, 2006, defendant invoiced the stone in question. A copy of said invoice is annexed hereto as Exhibit C. As the Court will see, the total price for the stone in question was $58,150.00—meaning that, even if the stone were completely worthless upon delivery—plaintiff's (or the Stanislaw's) damages could not possible exceed that sum. Stated another way, there was, and is, absolutely no reason for the defendant to have foreseen that the Stanislaws—or plaintiff—could sustain damages, apparently as is their contention here, greater than the actual purchase price of the stone.

6. With regard to whether or not the alleged agreement was with the Stanislaws or the plaintiff, it should be noted that, while the plaintiff's name appears typed in the printed portion of the invoice, the invoice is signed by "Richard M.

Stanislaw" whose credit card the defendant charged for the stone. Finally, the invoice clearly states that the price does not "include shipping and delivery from Israel."[4] Eventually, the stone was delivered to the Stanislaws in Idaho and they (and plaintiff) apparently were not satisfied with same, as indicated in the April 10, 2007 letter to us from the plaintiff. A copy of said letter—our first notice of any kind of any dissatisfaction—is annexed hereto as Exhibit D. They—the Stanislaws and the plaintiff—still have the stone. This lawsuit followed.[5]

7. Nowhere—either verbally or in writing—was there any indication from the Stanislaws of the plaintiff that the stone needed to arrive in Idaho by a certain time. Indeed, given the fact that the stone was being shipped from Israel to California by ocean vessel, and then by truck from there to Idaho, it is inconceivable that either the Stanislaws or the plaintiff could have reasonably expected delivery by a certain date, what with the vagaries of international shipping, the problems interfacing ocean and motor transportation, clearance through customs, and the like.

8. I have been an importer of the type of stone involved herein for approximately four (4) years (and in the business of construction involving stone for some thirty five (35) years). Hence, I am familiar with the market for such stone. I can truthfully state that, even if the stone was somehow defective or non-conforming as plaintiff claims, there still was a market for same in Idaho. Indeed, following the rejection of the stone, plaintiff's principal, Mr. Gary Storey, offered to purchase it.

Wherefore, for all the reasons stated, it is respectfully requested that defendant's motion to dismiss be granted in all respects, together with such other relief deemed just and proper.

Israel Cohen

Sworn to before me this
14 day of March 2008

---

[4] The stone came by vessel from Haifa to Long Beach, CA. From Long Beach, transportation thereof by motor carrier to Idaho was arranged by the Stanislaws and plaintiff.

[5] Initially, plaintiff sued the defendant in Idaho state court but the suit was dismissed because defendant was held not to be doing business in Idaho. Of course, the Stanislaws—or the plaintiff if the plaintiff is truly the real party in interest—can sue the defendant in New York State Supreme Court, should this action be dismissed as requested.

CARLOS M. TAMARIT
Notary Public - State of New York
NO. 01TA5045218
Qualified in New York County
My Commission Expires 2-31-2011

Storey v M and I, 4765 affid on mot to dismiss, revised

3

MI MARBL WORKS                                             2129699036        p.1

*STUART*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
STOREY CONSTRUCTION CO., INC.,

              Plaintiff,

-against-

M&I MARBLE WORKS LTD., d/b/a
MARBLE SOLUTIONS,

              Defendant.
-----------------------------------------X



08 CV 00976

___ Civ. ___ ( )

**COMPLAINT**

JAN 30 2008
U.S.D.C. S.D N.Y.

STOREY CONSTRUCTION CO., INC. ("SCI"), by its attorneys, McDonough Marcus Cohn Tretter Heller & Kanca, LLP, hereby states:

### PARTIES

1. SCI is an Idaho corporation engaged in the business of general contracting.

2. Defendant M&I Marble Works Ltd. ("M&I") is a domestic corporation doing business as Marble Solutions, with its principal place of business in New York, New York.

### JURISDICTION and VENUE

3. The amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

4. Plaintiff SCI is a corporation organized under the laws of Idaho, with its principal place of business in Ketchum, Idaho. It is not a resident of New York. Defendant M&I Marble Works Ltd. is a domestic New York Corporation.

5. The parties to this proceeding are diverse as defined by 28 U.S.C. §1332. This Court thus has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a). Venue is proper in this Court pursuant to 28 U.S.C. §1391(a).

M MARBL WORKS                                    2129699038                    p.2

## FIRST CLAIM

6. SCI and M&I entered into an agreement in Idaho for the sale of goods, whereby SCI agreed to buy and M&I agreed to sell for agreed prices fixed quantities of Jerusalem Stone in various agreed-upon sizes. SCI and M&I, after extended negotiations, also agreed on the required appearance of the stone and delivery dates.

7. M&I was made aware that the stone was intended for use in a custom residence in Idaho and that a delay in delivery of the stone would cause a delay in the construction process which would cause financial loss. Because it would not extend any credit, M&I was paid in full at the time the Jerusalem Stone was ordered.

8. M&I breached the agreement with SCI, by *inter alia*, delivering the stone late, delivering stone that did not conform to the agreed appearance, and delivering stone that was not the proper size.

9. Immediately after M&I's tender of the non-conforming goods, SCI rejected the stone and provided M&I with a written notice of rejection. SCI tendered the stone back to M&I and M&I refused this tender.

10. SCI has been damaged by M&I's breach of agreement in an amount to be proven at trial, but that exceeds the jurisdictional limits of this Court. SCI is using commercially reasonable means in its attempt to dispose of the non-conforming stone, the proceeds of which efforts will be credited to M&I.

11. Pursuant to Idaho statute, IRCP 12-121, SCI is entitled to an award of attorney's fees and costs.

2

WHEREFORE, SCI demands judgment against defendant as follows:

1) Damages to be awarded against M&I in an amount to be proven at trial;

2) An award of SCI's attorneys' fees and costs incurred herein; and

3) Such other and further relief as this Court deems just.

### JURY DEMAND

Plaintiff hereby requests a trial by jury composed of the maximum number of jurors allowable by law.

Dated: Westchester, New York
January 30, 2008

Respectfully Submitted,

McDonough Marcus Cohn Tretter
Heller & Kanca, LLP

By: _____
Diane K. Kanca (DK7196)

Attorneys for Plaintiff
Storey Construction Co. Inc.
145 Huguenot Street
New Rochelle, New York 10801
(914) 632-4700
Fax (914) 632-3329
DianeKanca@aol.com
DKKanca@MMCTHK.COM

To: M&I Marble Works, Ltd.
735 11th Avenue
New York, New York 10019

3

Paiment #1

R. MILES STANISLAW
CONSTRUCTION ACCOUNT
2000 1ST AVE., #1504
SEATTLE, WA 98121

1013
92-979
1241 3522

DATE 7-20-05

PAY TO THE ORDER OF: M + I CONSTRUCTION     $ 2,400.00

TWO-THOUSAND FOUR HUNDRED 00/100 DOLLARS

Wells Fargo Bank, N.A.
675 E. Sun Valley Road, Ste. C
P.O. Box 3000
Ketchum, ID 83340
wellsfargo.com

FOR  Bid # 492

⑆124 08 7989⑆ 0530 2332 889⑆   ⑈001013⑈

EXHIBIT B

5th Avenue
new York, NY 10019
Tel: 212-969-9034 Fax: 212-969-9038

| Date | Invoice # |
|---|---|
| 10/23/2006 | 7820 |

**Bill To**
STOREY CONSTRUCTION INC.
321 LEWIS STREET
P.O. BOX 1877
KETCHUM, IDAHO 83340

**Ship To**

| Item | Description | Qty | Rate | Amount |
|---|---|---|---|---|
| | THIS IS NOT INCLUDE SHIPPING AND DELIVERY FROM ISRAEL | | | |

Payment Type: (please circle one) Visa, M/C, Discover, American Express, Cash, Check
Payment for Tiles and Mosaic must be paid in full.

A 75% deposit is required on all special orders. The balance is due upon delivery.

Return Policy: Please note that STONE is natural material and varies in color and marking.
On all in-store bought products the are No Refunds.

Agreement:
I understand and agree that since special orders are custom there are No Refunds. All Sales are Final, and I authorize M & J Marble Works, Ltd to charge my credit card for the balance due upon delivery.

| | |
|---|---|
| Subtotal | $58,150.00 |
| Sales Tax | $0.00 |
| Total | $58,150.00 |
| Payments/Credits | $0.00 |
| Balance Due | $58,150.00 |

Cardholder Name: Richard M. Stanislaw
Billing Address: 2000 1st Ave. #1504
Phone: 206-448-1234
Account Number: 3734 400125 86001  (3734-400125 86001)
Expiration Date: 8/10
CVV2 or CID Number: 4718 361   4718 361
Signature: [signature]  Date: 10-30-06

EXHIBIT E

## STOREY CONSTRUCTION INC.

P.O. Box 1877, Ketchum, ID 83340  (208) 726-8816  FAX (208) 726-2180

M & I Construction, LTD
DBA Marble Solutions
735 11th Ave
New York, NY 10019

April 10, 2007

Attn: Sippe

Upon receiving the first 21 pallets of floor stone we have encountered two problems with regards to said stone.

1.) Sizing

> The 24"X 24" tiles are 3/8" short of requested size. They measure 23 5/8" X 23 5/8" which renders them unusable in out grid (see illustration #1) without re-cutting the other tile sizes twice each.

2.) White Spots

> Upon inspection many of the tiles have white spots in them that were not present on any of the samples. After going through the 21 pallets on site, 54% of the tiles were found to contain this undesirable trait.

Sincerely,

*[signature]*

Lonnie Lindquist

- D -