UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
STOREY CONSTRUCTION CO., INC.

                Plaintiff,                      08 Civ. 976 (GBD)

      vs.

M&I MARBLE WORKS LTD., d/b/a               Reply Affirmation
MARBLE SOLUTIONS,

                Defendant.
---------------------------------------------------------------x

      Michael J. Siris, an attorney duly admitted to the bar of this Court, affirms under the penalties of perjury:

      1.    I am of counsel to the firm of Solomon and Siris, PC, attorneys for the defendant M and I Marble Works, Ltd. ("defendant"). I submit this reply affirmation in further support of defendant's motion to dismiss the complaint of the plaintiff Storey Construction Co., Inc. ("plaintiff") on the grounds that, among other things, plaintiff cannot meet the statutory $75,000 minimum for diversity jurisdiction contained in 28 USC Section 1332(a). Specifically, I submit this reply affirmation in response to the affidavit of Gary Storey, sworn to March 24, 2006 ("Storey Aff.") and the memorandum of law of plaintiff's counsel.

      2.    At the outset, it should be noted that Mr. Storey's affidavit is replete with generalities, vagueness and absolutely no documentation (other than two post-delivery letters from the plaintiff to the defendant). Indeed, the very first[1] written communication to the defendant from the plaintiff (an April 10, 2007 letter, or Exhibit A of the Storey Aff.) makes no mention of rejection of the shipment, instead merely stating: *"we [plaintiff] have encountered two problems in regards to the [shipment]: [some of the tiles*

---

[1] Because we do not know the date of delivery of the shipment in Ketchum, Idaho (where plaintiff's principal, attorney Stanislaw, was building a second home), we do not know how long after such delivery this letter was written although it clearly makes no mention of any rejection as noted. Moreover, we do know that following this rather bland letter, plaintiff waited more than a week before sending an official rejection letter (again, Exhibit B) although, again, there is no way to gauge how long after delivery this (second) letter was sent.

are 3/8" short of the required size, and some of the tiles have "white spots"]."[2] (emph added).

3. Moreover, the "evidence" Mr. Storey has submitted to buttress his claim that plaintiff sustained damages beyond what (Mr. Stanislaw) paid is non-existent—and that is assuming arguendo plaintiff can establish there was, in fact, a delay as plaintiff claims. Mr. Storey makes the bald assertion (at par. 20 of his affidavit) that "*I estimate the increased costs from five to six month delay and the attendant disruption caused by [defendant's] failure to deliver stone when and as promised to exceed $100,000.*" (emph added). Where exactly does Mr. Storey come up with such an estimate? Likewise, Mr. Storey (continuing in the same paragraph 20) itemizes other costs, including the cost to secure "cover" or an alternate supply, to be "approximately" $78,425.00. However, Mr. Storey has not attached a single invoice to corroborate his assertions on damages. Clearly, plaintiff's claim for damages beyond what it paid to the defendant is a trumped up one and plaintiff has offered no evidence to the contrary. Whether plaintiff's damages above and beyond what was paid are characterized as "direct" or "consequential" is no longer of any moment because plaintiff has submitted absolutely no evidence of any kind—except for Mr. Storey's vague and undocumented affidavit--to demonstrate it sustained any damages (beyond what was paid).

4. Quite apart from plaintiff's vague and conclusory comments about the purported nature of its damages, plaintiff's citation of *McNally Wellman Company v New York State Electric & Gas Corporation*, 63 F.3d 1188 (2nd Cir. 1995) is completely misplaced. In that case, plaintiff (seller—McNally Wellman) entered into a contract with the defendant (buyer--NYSEG) to sell certain "spillway gates" for a dam project. Because of problems with its subcontractor (Ellwood), the plaintiff was delayed in the delivery of the gates, prompting the defendant to withhold its final payment and to "assess [seller] the standby costs incurred [due to the delay]." 63 F.3d 1193. The plaintiff/seller invoked a clause (paragraph "360") in the contract which precluded "special, incidental, indirect or consequential damages…" (id) and the case involved the

---

[2] True, in its April 19, 2007 letter to defendant (Storey Aff., Exhibit B), plaintiff, for the very first time, mentions the word "delay"—again, something that was totally absent from the numerous emails Mr. Storey admits having exchanged with the defendant—at least, plaintiff has yet to produce any correspondence that in any way refers to the importance of a timely delivery and the supposedly catastrophic consequences of "delay" in the construction of a single family vacation home for the Stanislaws.

Second Circuit's analysis of the validity of the clause (which would interdict any such "consequential" damage). The Second Circuit validated the clause in question and affirmed the granting of summary judgment *for the plaintiff seller* (who actually resisted the imposition of damages due to delay because of the clause at issue). To say that *Wellman* involves "an almost identical fact pattern" as claimed in plaintiff's memorandum of law (at p. 13 thereof) is to suggest that the plaintiff simply looked for a case involving "delay" damages, found this one, and cited it without realizing that the delay damages were precluded (because of a contract clause which is not present at bar). Again, the *Wellman* fact pattern is totally dissimilar to the case at bar.

Wherefore, for all the reasons stated, it is respectfully requested that defendant's motion to dismiss be granted in all respects, together with such other relief deemed just and proper.

Dated: April 1, 2008

_____<br>Michael J. Siris