# SOLOMON & SIRIS, P.C.

ATTORNEYS AT LAW

50 CHARLES LINDBERGH BLVD., STE. 505A

UNIONDALE, NY 11553

(516) 228-9350

FAX (516) 228-4305

STUART SIRIS

BILL TSEVIS

LEWIS J. SOLOMON (RETIRED)

OF COUNSEL

MICHAEL J. SIRIS

April 21, 2008

**Via ECF and Regular Mail**
The Honorable George B. Daniels
U.S. District Court Judge
U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:   Storey v. M & I Marble, 08 Civ. 976 (GBD)
      Our File No.: 4765

Dear Judge Daniels:

As counsel for the defendant in the above matter, I am writing to your Honor to respectfully request, under Rule 26(c), a stay of discovery during the time my client's motion to dismiss (for lack of subject matter jurisdiction) is *sub judice*. Your Honor clearly has the authority to impose a stay under the appropriate circumstances which, it is submitted, are present here. See, e.g., In re *First Bancorp. Derivative Litigation*, 407 F.Supp.2d 585 (S.D.N.Y. 2006) (Judge Rakoff held, in granting a stay of disclosure, "[the] Court believes that in cases such as the instant ones, it is appropriate for the Court, in the exercise of its discretion, to stay discovery for the short time necessary to hear and decide a motion to dismiss.."); *Chesney v Valley Stream Union Free School District*, 236 F.R.D.113 (E.D.N.Y. 2006). Here, my client has, in my view, made a compelling argument that the plaintiff cannot reach the $75,000.00 jurisdictional minimum for diversity jurisdiction. Hence, should your Honor agree and grant the motion, discovery conducted will be for naught. Moreover, a modest delay in discovery cannot possibly prejudice the plaintiff.

In the event the motion to dismiss is not granted, I do want to go on record—so as to avoid the possibility that my silence would be deemed a waiver-- with respect to Mr. Stanislaw's[1] representation of the plaintiff in this matter. As your Honor may have noted in our papers supporting our motion to dismiss, this case involves a claim by the plaintiff Storey Construction Co., Inc. ("Storey") against defendant for breach of contract with

---

[1] The plaintiff originally appeared by the McDonough, Marcus law firm. Thereafter, Mr. Stanislaw, who is located in Seattle, Washington, moved for, and obtained, *pro hac vice* admission, and he has had the laboring oar since then.

Storey v M&I/4756/correspondence/judge daniels, april 21 08

The Hon. George B. Daniels
April 21, 2008
Page 2

respect to a shipment of tiles purchased from defendant and intended for use in a home Mr. Stanislaw and his wife were building in Ketchum, Idaho. Storey apparently served as Mr. Stanislaw's general contractor during the construction. However, it was Mr. Stanislaw and/or his wife Jean who negotiated with the defendant for the tiles, Mr. Stanislaw who paid for same on his American Express card, and Mr. Stanislaw who met with defendant's principals in Idaho following delivery of the tiles and his (Stanislaw's) complaints about same. It is submitted that, although Mr. Stanislaw tells me that *he* does not intend to call himself as a witness in this matter, Mr. Stanislaw clearly "ought" to be called—certainly I intend to depose him and possibly call him as a witness in the event the case proceeds. Under such circumstances, it is submitted that Mr. Stanislaw should not be permitted to continue plaintiff's representation. See, e.g., *Kent v. Scamardella*, 2007 WL 2012418 (S.D.N.Y. 2007) ("The New York Lawyer's Code of Professional Responsibility, the ABA Model Code of Professional Responsibility, and the ABA Model Rules of Professional Conduct each prohibit an attorney from advocating on behalf of a client when the attorney is simultaneously a necessary witness on a disputed issue in the matter…").[2] While Mr. Stanislaw's continued representation of the plaintiff need not be addressed at this time (because the outcome of my client's pending motion to dismiss may render the question moot, I wanted, again, the Court to be aware of my objection so that it not be deemed waived.

I realize your Honor's February 4th initial scheduling order requested that counsel sign and return to chambers the "civil case management plan and scheduling order" that was enclosed. In view of my request for a stay of disclosure during the pendency of my client's motion to dismiss, I have not returned the order in question, hoping that is satisfactory.

Lastly, I am making this request in the form of a letter but, should your Honor prefer, I will be pleased to do so in a formal motion.

Thank you for your consideration.

Respectfully Submitted,

MICHAEL J. SIRIS

MJS/cm
cc: Diane Kanca, Esq. (via e-mail)
    Miles Stanislaw, Esq. (via e-mail)

---

[2] Among several other issues, Mr. Stanislaw is a witness on whether or the contract in question is between plaintiff and defendant, on the one hand, or between Mr. Stanislaw and the defendant, on the other.

Storey v M&I/4756/correspondence/judge daniels, april 21 08