# SOLOMON & SIRIS, P.C.

ATTORNEYS AT LAW

50 CHARLES LINDBERGH BLVD., STE. 505A

UNIONDALE, NY 11553

(516) 228-9350

FAX (516) 228-4305

STUART SIRIS

BILL TSEVIS

LEWIS J. SOLOMON (RETIRED)

OF COUNSEL
MICHAEL J. SIRIS

May 8, 2008

**Via ECF and Regular Mail**
The Honorable George B. Daniels
U.S. District Court Judge
U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:   Storey v. M & I Marble, 08 Civ. 976 (GBD)
      Our File No.: 4765

Dear Judge Daniels:

As counsel for defendant seeking dismissal of the above action, I am writing in response to Ms. Kanca's May 7th letter indicating that plaintiff will not be submitting evidence to document its claim of damages in excess of the $75,000 jurisdictional minimum (and will be recommencing action in state court), asking me to stipulate to same. Obviously, this development is tantamount to an admission that plaintiff cannot meet the jurisdictional threshold.[1]

As I responded to Ms. Kanca, I am not sure that she needs my consent under Rule 41(a) which appears[2] to allow a plaintiff to voluntarily discontinue unilaterally provided a defendant has not moved for *summary judgment* or answered. I have no objection to a dismissal but I am asking plaintiff to agree to cap its damages at $75,000 in any subsequent state court action—something that I believe would be the result of your Honor rendering a decision in defendant's favor on the pending motion and something that might be helpful. Short of that, I am prepared to leave matters as they stand.

Thank you for your consideration.

Respectfully Submitted,

MICHAEL J. SIRIS

MJS/cm
cc: Diane Kanca, Esq. (via e-mail)

---

[1] Ms. Kanca indicates that she would prefer not to waste her "client's resources on repeatedly fighting issues having nothing to do with the merits of [plaintiff's] claims," suggesting that somehow defendant is responsible for this current state of affairs. It is worth noting that, in writing, I requested that her firm and the plaintiff discontinue in federal court to avoid an unnecessary motion to dismiss (they refused), thereby compelling my client to incur substantial expenses that she could have easily avoided without any prejudice.

[2] On the other hand, there is some (questioned) authority to the effect that a *motion to dismiss* which brings in extraneous material beyond the pleadings, as here, is the equivalent of a motion for summary judgment, thereby requiring a defendant's consent. See, e.g., *Tele-Views News Co. v. S.R.B. TV Publishing Co.*, 28 F.R.D. 303, 306-08 (E.D.Pa.1961); *Kolman v. Milwaukee Area Technical College*, 548 F.Supp. 684 (E.D.Wis.1982).

Storey v M&I/4756/correspondence/judge daniels, april 23, 08